IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **LEONARD RAY WARWICK,** § | | |
| Petitioner, § | | |
| § | | |
| v. § | Civil Action No. 4:13-CV-395-Y | |
| § | | |
| **WILLIAM STEPHENS, Director,**[1] § | | |
| **Texas Department of Criminal Justice,** § | | |
| **Correctional Institutions Division,** § | | |
| Respondent. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

**I. FINDINGS AND CONCLUSIONS**

A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

B. PARTIES

Petitioner Leonard Ray Warwick, TDCJ # 1639423, is a state prisoner in custody of the Correctional Institutions Division of the Texas Department of Criminal Justice in Venus, Texas.

---

[1] Effective June 1, 2013, William Stephens succeeded Rick Thaler as the Director of the Correctional Institutions Division of the Texas Department of Criminal Justice. Pursuant to Rule 25 of the Federal Rules of Civil Procedure, Director Stephens is "automatically substituted as a party." FED. R. CIV. P. 25(d)

Respondent William Stephens is the Director of the Correctional Institutions Division of the Texas Department of Criminal Justice.

## C. Factual and Procedural History

On April 20, 2010, pursuant to a plea bargain agreement, petitioner pleaded guilty to assault of a public servant in Case No. CR11234 in the 355th Judicial District Court of Hood County, Texas, and was sentenced to eight years' imprisonment. (SHR[2] at 37) The plea bargain agreement also provided that Case No. CR11233, in which petitioner was charged with the aggravated assault of Donna Miller Smith with a deadly weapon, a first-degree felony, would be dismissed "upon completion of plea hearing." (SHR at 29) Petitioner did not directly appeal his conviction or sentence. (Pet. at 3) On February 22, 2013, petitioner filed an application for writ of habeas corpus in state court, raising one or more of the claims presented herein, which was denied by the Texas Court of Criminal Appeals without written order on April 17, 2013.[3] (SHR at cover, 16) Petitioner filed this federal petition for writ of habeas corpus on May 2, 2013.[4] As ordered, respondent has filed a preliminary response and documentary exhibits addressing only the issue of limitations, to which petitioner filed a reply.

---

[2] "SHR" refers to the court record of petitioner's state habeas application no. WR-79,272-01.

[3] Petitioner's state habeas application is deemed filed when placed in the prison mailing system. *Richards v. Thaler*, — F.3d —, 2013 WL 809246 (5th Cir. Mar. 5, 2013). The petition does not state the date petitioner placed the document in the prison mailing system, however the "Inmate's Declaration" was signed by petitioner on February 22, 2013; thus, for purposes of these findings, the undersigned deems the state application filed on February 22, 2013.

[4] A pro se federal habeas petition is deemed filed when the petition is placed in the prison mailing system). *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998); Rules Governing § 2254 Proceedings 3(d).

D. ISSUES

Petitioner raises three grounds for habeas relief claiming he received ineffective assistance of counsel, he was mentally incompetent to stand trial, and his guilty plea was unknowing, unintelligently made, and involuntary. (Pet. at 7)

E. STATUTE OF LIMITATIONS

Respondent argues the petition should be dismissed with prejudice as time-barred. (Resp't Prel. Resp. at 3-6) Title 28 U.S.C. § 2244(d) imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief. The provision provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*Id.* § 2244(d)(1)-(2).

Under subsection (A), applicable to this case, the limitations period begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." For purposes of this provision, the order or judgment of conviction became final and the one-year limitations period began to run upon expiration of the time that petitioner had for filing a timely notice of appeal on May 20, 2010, and closed one year later on May 20, 2011, absent any tolling. TEX. R. APP. P. 26.2; *Flanagan v. Johnson*, 154 F.3d 196, 200-02 (5th Cir. 1998).

Petitioner's state habeas application, filed on February 22, 2013, after limitations had already expired, did not operate to toll the federal limitations period under § 2244(d)(2).[5] *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Nor has petitioner demonstrated circumstances that prevented him from filing a timely petition to warrant equitable tolling of the limitations period. *Holland v. Florida*, 204 F.3d 168, 171-72 (5th Cir. 2000). Equitable tolling is permitted only if rare and exceptional circumstances beyond a prisoner's control make it impossible to file a petition on time. *Id.*; *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). The doctrine applies principally when a petitioner is actively misled by a party about the cause of action or is prevented in some extraordinary way from asserting his rights. *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999). The petitioner bears the burden of establishing entitlement to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Petitioner alleges "equity should apply" because he relied upon his attorney's deceptive representations. (Pet'r Traverse at 1) Specifically, he asserts his–

---

[5]An argument could be made that subsection (D) of the statutory tolling provision applies, however petitioner does not raise the argument. Moreover, for the same reasons equitable tolling is not justified, any such argument would have been futile.

> conviction was obtained by use of perjured testimony on CR11233 to get plea bargain on CR11234, guilty plea is invalid because it was made unknowing, unvoluntarily, uninteligently [sic] plead [sic]. . . . [C]ounsel should have investigated the facts, he clearly did not. The state[']s witness Donna Miller Smith lied on her statment [sic] to the detectives where she stated she had a restaining [sic] order against me, a proveable lied [sic], attorney [intentionally] never told me about this dvd statement from her and told me I would get 15 yrs on CR11233 if I didn[']t take the 8 yr plea bargain on CR11234[.] [T]his was false information[.] Donna Miller Smith had prior felony and DUI, drug charges pending, I told my court apointed [sic] attoney [sic] Richard Hattox I was not guilty of both charges but he still failed to do his job or inform me correctly. If not for my attorney[']s false and misleading advice I would not have plead guilty and would have insisted on going to trial.
>
> . . .
>
> I was never told about the dvd or its contents at all, so I did not know I had a cause to file a habeas corpus and this is why it was not filed in time because I only found out about the dvd in nov 2012 thus makeing [sic] my habeas filed in the timeliest manner possible, the dvd was not on the court[']s records and even if I had obtained the court records to review the dvd would not have shown up. I had my mom go to the lawyers to get what he had on Donna Miller Smith[']s statement because what I saw on my travel jacket from TDCJ, it said I drug a white female out of my house by the hair[,] shot my gun and said I would shoot her. I know none of this is true so I asked my mom to go to the lawyer[']s office and get what he had on Miss Smith[']s statement[.] [T]hat's when I found out about the dvd and its contents. That[']s when I started the post conviction proceedings with the state and the Feds.

(Pet'r Traverse at 2)

Petitioner's argument for equitable tolling is not persuasive. Presumably petitioner knew of his alleged innocence at the time of the plea in April 2010 and nothing in the record establishes that petitioner's trial counsel purposefully misled him regarding his cases. Indeed, counsel's advice to plead guilty to a third-degree felony and an eight-year sentence to avoid the possibility of conviction on a first-degree felony with a potential life sentence was reasonable, absent evidence of deficient performance or wrongdoing on counsel's part. Petitioner claims he "did not sleep" on his rights, yet he waited a year and a half after the plea proceedings to have his mother contact counsel regarding

Smith's statement and then waited nearly six months after learning of the DVD to seek state habeas relief. He has not produced the DVD in question, or any other evidence in support of his assertions, or presented proof that he is actually innocent of the crime for which he pleaded guilty and was convicted. Nor does he explain why he could not have discovered the DVD sooner or why he did not pursue postconviction habeas relief diligently after learning of the DVD. Without substantiation in the record, a court cannot consider a habeas petitioner's mere assertions on a critical issue in his pro se petition to be of probative evidentiary value. *Ross v. Estelle,* 694 F.2d 1008, 1011-12 (5th Cir. 1983). Under these circumstances, petitioner fails to invoke equitable tolling.

Petitioner's federal petition was due on or before May 20, 2011; therefore, his petition filed on May 2, 2013, was filed beyond the limitations period and is untimely.

## II. RECOMMENDATION

Petitioner's petition for writ of habeas corpus should be dismissed with prejudice as time-barred.

### III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until OCTOBER 31, 2013. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection,

and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

## IV. ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted **OCTOBER 31**, 2013, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ordered that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED October **10**, 2013.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE