```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF TEXAS
                       FORT WORTH DIVISION
```

LEONARD RAY WARWICK             §
                                §
VS.                             §   CIVIL ACTION NO.4:13-CV-395-Y
                                §
WILLIAM STEPHENS,               §
Director, T.D.C.J.              §
Correctional Institutions Div.  §

ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND CONCLUSIONS
     AND ORDER DENYING CERTIFICATE OF APPEALABILITY

In this action brought by petitioner Leonard Ray Warwick under 28 U.S.C. § 2254, the Court has made an independent review of the following matters in the above-styled and numbered cause:

1. The pleadings and record;

2. The proposed findings, conclusions, and recommendation of the United States magistrate judge filed on October 10, 2013; and

3. The petitioner's written objections to the proposed findings, conclusions, and recommendation of the United States magistrate judge filed on October 28, 2013, along with a supporting DVD.

The Court, after **de novo** review, concludes that Petitioner's objections must be overruled, and that the petition for writ of habeas corpus should be dismissed with prejudice as time-barred under 28 U.S.C. § 2244, for the reasons stated in the magistrate judge's findings and conclusions, and for the additional reasons set forth herein.

Warwick objects to the magistrate judge's analysis of whether he should be given equitable tolling by alleging that he was misled by his attorney. The one-year limitation period for filing a

petition under § 2254 is subject to equitable tolling.[1] The burden is on the petitioner--here Warwick--to show rare, exceptional and/or extraordinary circumstances beyond his control that made it impossible for him to timely file a § 2254 petition.[2] The United States Court of Appeals for the Fifth Circuit has held that "'equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.'"[3] A "'garden variety claim of excusable neglect'" does not support equitable tolling.[4] "Ignorance of the law, even for an incarcerated *pro se* prisoner," generally does not warrant equitable tolling.[5]

Warwick contends that his attorney failed to inform him of the contents of a digital video disk (DVD) of the statement of the victim of the assault with a deadly weapon, Donna Miller Smith, and contends that counsel did not investigate matters arising from her statement. Warwick also alleges that his counsel failed to respond

---

[1] *See Holland v. Florida,* 130 S. Ct. 2549, 2560-61 (2010)(applying equitable tolling to review of timeliness of petitions under 28 U.S.C. § 2254); *see United States v. Redd,* 562 F.3d 309, 314 (5th Cir. 2009)(equitable tolling of § 2255 petition); *United States v. Patterson,* 211 F.3d 927, 930 (5th Cir. 2000)(equitable tolling applies to the § 2255 limitation provision)(citing *Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998)*cert. den'd,* 526 U.S. 1074 (1999)); *see also Fisher v. Johnson,* 174 F.3d 710, 713 (5th Cir. 1999), *cert. den'd,* 531 U.S. 1164 (2001).

[2] *See Holland,* 130 S. Ct. at 2562 (petitioner must show "'extraordinary circumstances stood in his way and prevented timely filing'")(quoting *Pace v. DiGuglelmo,* 544 U.S. 408, 418 (2005); *Patterson,* 211 F.3d at 930 (§ 2255 can be tolled in "rare and exceptional" circumstances).

[3] *Coleman v. Johnson,* 184 F.3d 398, 402 (5th Cir. 1999)(quoting *Rashidi v. American President Lines,* 96 F.3d 124, 128 (5th Cir. 1996)),*cert. den'd,* 529 U.S. 1057 (2000).

[4] *Id.; see also United States v. Jackson,* No. 10-10401, 2012 WL 1521684, at *4 (5th Cir. May 1, 2012)("We do not extend equitable tolling under § 2255(f) to instances of 'excusable neglect'")(citation omitted).

[5] *See Fisher,* 174 F.3d at 714.

2

to his requests, in November 2012, to provide him copies of records.

Although an attorney's intentional deceit could warrant equitable tolling if the party shows reliance on a deceptive misrepresentation, mere attorney negligence does not warrant equitable relief.[6] The Fifth Circuit has expressly noted: "[I]f there were ever any doubt that an attorney's error or neglect does not warrant equitable tolling, our recent decision in *Cousin v. Lensing,* 310 F.3d 843 (5th Cir. 2002) erased it: `[M]ere attorney error or neglect is not an extraordinary circumstance such that equitable tolling is justified.'"[7] As the magistrate judge noted, the applicable one-year time limit from the date Warwick's conviction was final had already expired in May 2011. Thus, former counsel's failure to respond to any letter request from Warwick in November 2012 does not make him eligible for equitable tolling.

Also, as the magistrate judge noted, Warwick's argument regarding the discovery of information arising from the DVD recording of Smith's interview could be read to assert that the limitations period commenced after the date his conviction became final under 28 U.S.C. § 2244(d)(1)(D)("the date on which the factual predicate of the claim or claims could have been discovered through the exercise of due diligence"). Warwick does not actually make this claim. But even if such claim were argued to this Court, Warwick has not shown that he could successfully invoke this

---

[6] *United States v. Riggs,* 314 F.3d 796, 799 (5th Cir. 2002)(noting that since a prisoner has no right to counsel during post-conviction proceedings, ineffective assistance of counsel is irrelevant to the tolling decision), *cert den'd,* 529 U.S. 952 (2003).

[7] *Id.*

3

"discovery-rule" provision and be granted equitable tolling.

First, the recording relates to the statement taken by a Hood County detective on the charge in related case (number CR11233) for aggravated assault of Donna Miller Smith with a deadly weapon. But that charge was dismissed upon Warwick's agreement to plead guilty to assault on a public servant in case number CR 11234. *Ex parte Warwick,* WR-79,272-01, at 23, 27, 37-39. Thus, the truthfulness of Smith's statement on the DVD has nothing to do with the injury Warwick actually inflicted on Hood County deputy sheriff Brad Duckett while Duckett was investigating the underlying events made the basis of case number CR11233.

Furthermore, a review of the approximately 58-minute DVD of the January 7, 2009 interview between Hood County detective Morris and the complainant does not necessarily support the facts as alleged by Warwick. Warwick claims in his traverse that "Donna Miller Smith lied on her statement to the detectives where she stated she had a restraining order against me, a proveable lied [sic]. . . " (Traverse at 2.) On the DVD, the victim identifies herself as both Donna Smith and later as Donna Miller. Sitting with Donna throughout the interview is her daughter Courtney Hewett. The interview shows that Donna then resided with her daughter at 108 West Moore in Granbury, Texas. It is the daughter, Courtney Hewett (maiden name Smith), that reports having obtain a restraining order to prevent Warwick from coming to that house. (Hood County DVD supplied with objections at 30:00-32:00.) Thus, Donna did not claim she obtained a restraining order, and thus did not "lie" about that particular fact.

For all of these reasons, Warwick's submission to this Court

4

of the DVD of the January 2009 interview with Donna Miller Smith does not entitle him to equitable tolling of the applicable § 2244(d)(1)(A) limitations period, and does not invoke § 2244(d)(1)(D). Accordingly, Warwick's objections are overruled.

Therefore, the findings, conclusions, and recommendation of the magistrate judge are ADOPTED. Petitioner Leonard Ray Warwick's petition for writ of habeas corpus is DISMISSED WITH PREJUDICE.

*Certificate of Appealability*

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253.[8] Rule 11 of the Rules Governing Section 2254 Proceedings now requires that the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."[9] The COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."[10] A petitioner satisfies this standard by showing "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists of reason could conclude the issues presented are adequate to deserve encouragement to proceed further."[11]

Upon review and consideration of the record in the above-referenced case as to whether petitioner Warwick has made a showing that reasonable jurists would question this Court's rulings, the

---

[8] *See* Fed. R. App. P. 22(b).

[9] RULES GOVERNING SECTION 2254 PROCEEDINGS IN THE UNITED STATES DISTRICT COURTS, RULE 11(a) (December 1, 2009).

[10] 28 U.S.C.A. § 2253(c)(2)(West 2006).

[11] *Miller-El v. Cockrell,* 537 U.S. 322, 326 (2003)(citing *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)).

Court determines he has not and that a certificate of appealability should not issue for the reasons stated in the October 28, 2013 Findings, Conclusions, and Recommendation of the United States Magistrate Judge and for the reasons stated in this order.[12]

Therefore, a certificate of appealability should not issue.

SIGNED November 8, 2013.

/s/ Terry R. Means
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

---

[12]*See* Fed. R. App. P. 22(b); *see also* 28 U.S.C.A. § 2253(c)(2)(West 2006).